IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL S. MILLS                                                                         PETITIONER

v.                                      NO. 2:06CV00093 HDY

LINDA SANDERS, Warden, FCI                                                    RESPONDENT
Forrest City, Arkansas

MEMORANDUM OPINION AND ORDER

Petitioner Michael S. Mills ("Mills") represents that he pleaded guilty in the United States District Court for the Eastern District of Missouri to "possessing counterfeit securities, forgery." See Document 1 at 3. On January 27, 2006, he was sentenced to thirty-three months in the custody of the Federal Bureau of Prisons ("BOP"). On March 17, 2006, he came to be housed at FCI Forrest City, Arkansas.

Mills commenced the proceeding at bar on April 3, 2006, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition, he challenged a BOP policy adopted in February of 2005 ("February of 2005 policy") that governed the placement of BOP inmates in Residential Reentry Centers ("RRC"), commonly known as halfway houses. He asked the Court to "order the BOP to consider [him] for [six] months [RRC] placement without regards to the BOP's invalid rule of only considering [inmates] for [RRC] for the last [ten] percent of their sentences." See Document 1 at 5.

Respondent Linda Sanders ("Sanders") filed an answer to the petition on April 27, 2006. She represented that in light of the decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the BOP is "currently modifying its procedures ..." See Document 4 at 1. She additionally represented the following:

> Petitioner will be evaluated for RRC placement, utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998. This is the policy used by the BOP prior to the December 2002 OLC opinion and the February 2005 regulations, which spurred such litigation. Respondent will be basing RRC recommendations on statutory (18 U.S.C. 3621(b)), correctional, and population management interests, e.g., length of sentence, serious of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date.
>
> ... Respondent respectfully requests that the petition be dismissed as moot. Respondent will evaluate and subsequently recommend Petitioner for RRC placement based on the factors listed above.

See Document 4 at 1-2.[1]

As both parties note, the United States Court of Appeals for the Eighth Circuit addressed the propriety of the February of 2005 policy in Fults v. Sanders. In that decision, the Court of Appeals found the policy to be invalid, which is the very relief Mills seeks in this proceeding. Given the finding in Fults v. Sanders, and given Sanders'

---

[1] Mills submitted a reply to Sanders' submission. The Court has thoroughly considered Mills' reply.

representation that Mills will be evaluated for placement in a RRC pursuant to the policy in effect prior to the adoption of the February of 2005 policy, the Court finds that Mills's petition should be, and is, dismissed as moot.  He has obtained the relief he sought in commencing this proceeding, i.e., he will be evaluated for placement in a RRC pursuant to the policy in effect prior to the adoption of the February of 2005 policy.  Judgment will be entered for Sanders.

IT IS SO ORDERED this __19___ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE